UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHARON LEE NOTHNAGEL** : **CASE NO.  2:22-CV-05702**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**KERRY ANDERSON ET AL** : **MAGISTRATE JUDGE KAY**

**ORDER**

On October 14, 2022, Sharon Lee Nothnagel ("Nothnagel") filed a document entitled "Notice of Removal." Doc. 1.  That notice fails to provide a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a).  By caption of the notice, it appears as though Nothnagel is attempting to assert a claim of "harm by way of trespass" against the 36th Judicial District Court for Beauregard Parish, Louisiana, Judge Kerry Anderson, the Beauregard Parish Sheriff's Department, and Mark Herford on the basis that the Louisiana Constitution affords all persons "an adequate remedy by due process of law and justice . . . ."  *Id.*

One week following the filing of the "Notice of Removal," Nothnagel filed the "State Court Record."  Doc. 2.  Found within that "record" is a Petition for Executory Process filed July 18, 2022, in a matter entitled "*Credit Human Federal Credit Union v. Sharon Lee Fruge, et al*" and bearing docket number 2022-0472 of the 36th Judicial District Court, Parish of Beauregard, State of Louisiana." *Id.* at pp. 37-51.  The record shows completion of the executory proceeding through sale of the collateral in September of 2022. *Id.* at pp. 52-65.  The remainder of the record is a hodgepodge of documents that appear to have been authored by Nothnagel, including a request that the state court matter be stayed, a request that was denied. *Id.* pp. 1-12.

"Removal is a peculiar procedure in that it permits defendants to remove an action properly brought in one system of court . . . into another set of courts . . . ." 16 *Moore's Federal Practice,* § 107.03 (Matthew Bender 3d ed.). "[T]he effect of removal is to deprive the state court of an action properly within its jurisdiction . . ." *Id.* Section 1446 of Title 28, *United States Code*, provides the process by which a matter is to be removed from state to federal court:

> (1) The removing party must file a Notice of Removal;
> (2) The notice must contain a "short and plain statement of the grounds for removal;"
> (3) The notice must be signed;
> (4) The notice must be filed with a copy of all process, pleadings, and orders served on the removing defendant in the action;
> (5) The removing party must give written notice of the filing to all adverse parties;
> (6) A copy of the notice must be filed with the clerk of the state court where the case was filed.

*Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014)(discussing short plain statement requirement); *Grynberg Prod. Corp. v. Brit. Gas, p.l.c.*, 817 F. Supp. 1338, 1354 (E.D. Tex. 1993)(same); *Hampton v. Union Pac. R. Co.*, 81 F. Supp. 2d 703, 707 (E.D. Tex. 1999)(discussing notice requirements); *Wilkinson v. United States*, 724 F. Supp. 1200, 1204-05 (W.D.N.C. 1989) (discussing requirements related to signature and attachment of state court record). We find Nothangel's "Notice of Removal" and attempt to remove deficient in several respects that must be addressed before we sign an order of removal.

Firstly, it appears from the "Notice" filed by Nothnagel that she is attempting to assert a new claim against new defendants through the auspices of a removal proceeding. The removal process is not a vehicle by which new claims can be brought against previously uninvolved parties. Secondly, the notice fails to contain a short and plain statement of the grounds for removal. Particularly, we are unable to discern from her "Notice" whether Nothnagel is attempting to

remove the executory proceeding brought against her in state court or whether she simply is attempting to assert a new claim. Thirdly, and most importantly, there is no indication that Nothnagel has provided notice to Credit Human Federal Credit Union, plaintiff in the executory proceeding, so that Credit Human could appear here and address the extent to which Nathaniel's attempt to remove is or is not proper.

In short, we are unable to discern from the documents filed here whether Nothnagel is truly attempting to remove the state court proceeding or whether she truly wishes to file an entirely new lawsuit against the persons named in her "Notice" but is attempting to do so in an improper fashion. We recognize that Nothnagel is a *pro se* plaintiff and that her pleadings should be liberally construed; nevertheless, we are not required to search for or try to create causes of action for her. *Borninski v. Williamson,* 3:02-cv-1014-L, 2005 WL 1206872, at *9 (N.D. Tex. May 17, 2005). The only special treatment afforded to her is a liberal reading of her pleadings. *Callahan v. C.I.R.,* Civ. A. 99-0295-C-M1, 2000 WL 1141607, at *1 & n. 1 (M.D. La. Apr. 10, 2000). Nothnagel is required to know her legal rights and abide by all procedural rules. *Boswell v. Gov. of Texas,* 138 F.Supp.2d 782, 785 (N.D. Tex. 2000). Nothnagel's ignorance or unfamiliarly with federal proceedings does not relieve her of this duty. *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991).

Accordingly, we will allow Nothnagel a period of time within which to amend her Notice of Removal to comport with the rules of procedure and address the deficits we note herein if indeed it is her intention to remove the pending state court proceeding. We will not sign or docket a Removal Order until she has so amended. Further, we will cause a copy of this order to be filed in the state court proceeding so that the court there will be aware that, from our standpoint, Nothnagel's existing notice is insufficient to have divested the state court of jurisdiction and we

consider this matter as remaining in state court until such time as a proper Notice of Removal has been filed. If it is Nothnagel's intent to file a new lawsuit against the persons named in her "Notice," then she must do so in the proper manner.

Considering the foregoing, it is

**ORDERED** that, on or before December 9, 2022, Nothnagel is to prepare and file a Notice of Removal that comports with the Federal Rules of Civil Procedure if it is indeed her intention to remove the matter pending in the 36th Judicial District Court, Beauregard Parish, Louisiana, to this court. A copy of this order is to be forwarded by our clerk of court to the clerk for the 36th Judicial District Court, Beauregard Parish, Louisiana, to notify that court that we do not consider the "Notice" submitted by Nothnagel in its current form to be sufficient to have deprived that court of jurisdiction to proceed.

THUS DONE AND SIGNED in Chambers this 14$^{h}$ day of November, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE