UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CREDIT HUMAN FEDERAL CREDIT UNION** | : | **CASE NO. 2:22-CV-05702** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SHARON LEE FRUGE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

On October 14, 2022, Sharon Lee Nothnagel, f/k/a Sharon Lee Fruge ("Nothnagel") filed a document entitled "Notice of Removal." Doc. 1. That notice failed to provide a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a). On November 14, 2022, the court issued an order explaining the deficiencies of the original filing and ordering Nothnagel to prepare and file a Notice of Removal that comports with the Federal Rules of Civil Procedure by December 9, 2022. Doc. 6. Finding that Nothnagel has not complied with the court's order, it is recommended that the claim be **DISMISSED**.

It is further recommended that the November 10, 2022, removal order [doc. 5] should be **STRICKEN** from the record as improvidently executed before the Notice of Removal was in proper form.

### I.
#### BACKGROUND AND ANALYSIS

As explained in the order [doc. 6], the filings in this matter leave the court unable to discern whether Nothnagel is attempting to remove a state court proceeding or whether she wishes to file

a new lawsuit against the persons named in her "Notice." One week following the filing of the "Notice of Removal," Nothnagel filed the "State Court Record." Doc. 2. Found within that "record" is a Petition for Executory Process filed July 18, 2022, in a matter entitled "*Credit Human Federal Credit Union v. Sharon Lee Fruge, et al*" and bearing docket number 2022-0472 of the 36th Judicial District Court, Parish of Beauregard, State of Louisiana." *Id.* at pp. 37-51. By caption of the notice of removal, however, it appears as though Nothnagel attempts to assert a claim of "harm by way of trespass" against the 36th Judicial District Court for Beauregard Parish, Louisiana, Judge Kerry Anderson, the Beauregard Parish Sheriff's Department, and Mark Herford on the basis that the Louisiana Constitution affords all persons "an adequate remedy by due process of law and justice . . . ." *Id.*

"Removal is a peculiar procedure in that it permits defendants to remove an action properly brought in one system of court . . . into another set of courts . . . ." 16 *Moore's Federal Practice,* § 107.03 (Matthew Bender 3d ed.). "[T]he effect of removal is to deprive the state court of an action properly within its jurisdiction . . ." *Id.* Section 1446 of Title 28, *United States Code*, provides the process by which a matter is to be removed from state to federal court:

(1) The removing party must file a Notice of Removal;
(2) The notice must contain a "short and plain statement of the grounds for removal;"
(3) The notice must be signed;
(4) The notice must be filed with a copy of all process, pleadings, and orders served on the removing defendant in the action;
(5) The removing party must give written notice of the filing to all adverse parties;
(6) A copy of the notice must be filed with the clerk of the state court where the case was filed.

*Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014)(discussing short plain statement requirement); *Grynberg Prod. Corp. v. Brit. Gas, p.l.c.*, 817 F. Supp. 1338, 1354

(E.D. Tex. 1993)(same); *Hampton v. Union Pac. R. Co.*, 81 F. Supp. 2d 703, 707 (E.D. Tex. 1999)(discussing notice requirements); *Wilkinson v. United States*, 724 F. Supp. 1200, 1204-05 (W.D.N.C. 1989) (discussing requirements related to signature and attachment of state court record).

We find Nothnagel's "Notice of Removal" and attempt to remove deficient in several respects that have not been addressed in the time provided by the court. Firstly, it appears from the "Notice" filed by Nothnagel that she is attempting to assert a new claim against new defendants through the auspices of a removal proceeding. The removal process is not a vehicle by which new claims can be brought against previously uninvolved parties. Secondly, the notice fails to contain a short and plain statement of the grounds for removal. Particularly, we are unable to discern from her "Notice" whether Nothnagel is attempting to remove the executory proceeding brought against her in state court or whether she simply is attempting to assert a new claim. Thirdly, and most importantly, if Nothnagel is attempting to remove the executory proceeding brought against her in state court, there is no indication that she has provided notice to Credit Human Federal Credit Union, plaintiff in the executory proceeding, so that Credit Human could appear here and address the extent to which plaintiff's attempt to remove is or is not proper.

Finding these deficiencies uncurable without correction by plaintiff, and further finding that plaintiff has not cured the deficiencies in the time allotted, we recommend dismissal of the suit. A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed. R. Civ. P. 41(b). "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). A dismissal without prejudice, where the statute of limitations is not implicated, does not prejudice the plaintiff. A dismissal without

prejudice, however, is effectively a dismissal with prejudice if the statute of limitations would bar refiling of the action. In the latter instance, the court must find that the plaintiff's "failure to comply with the court order was the result of purposeful delay or contumaciousness," and the court should employ "lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Raymond v. Univ. of Houston*, 275 F. App'x 448, 449-50 (5th Cir. 2008). The court finds that plaintiff's failure to address the deficiencies identified in detail by the court has been contumacious and we therefore recommend dismissal of the notice of removal. If it is Nothnagel's intent to file a new lawsuit against the persons named in her "Notice," then she must do so.

### III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Notice of Removal be **DISMISSED** without prejudice.

It is further recommended that the November 10, 2022 [doc. 5], removal order should be **STRICKEN** from the record as improvidently executed before the Notice of Removal was in proper form.

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Ass'n, 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 17th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE